UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

BRANDON KEV ROSENBERG and
JULIE ANN ROSENBERG,

    Debtors.
_____/

NETWORK MORTGAGE CORPORATION,

    Plaintiff-Appellee,

v.

BRANDON KEV ROSENBERG,

    Defendant-Appellant.
_____/

Case No. 06-13775

Honorable John Corbett O'Meara

**OPINION AND ORDER AFFIRMING**
**BANKRUPTCY COURT'S AUGUST 11, 2006 ORDER**

    This matter came before the court on appeal from the August 11, 2006 order of the United States Bankruptcy Court for the Eastern District of Michigan. Appellant Brandon Kev Rosenberg filed a timely appeal of the bankruptcy court's order denying Rosenberg's motion to compel compliance with subpoena and granting Network Mortgage Corporation's motion to quash subpoena and for protective order. Rosenberg filed his brief October 3, 2006; and New Mortgage Corporation ("NMC") filed its brief October 18, 2006. Rosenberg filed a reply October 23, 2006. No oral argument was heard.

## BACKGROUND FACTS

Following a trial May 19-20, 2004, the bankruptcy court awarded judgment in favor of NMC and against Rosenberg.  On May 28, 2004, NMC filed a Notice of Entry of Judgment; and Rosenberg failed to object to it.  On June 9, 2004, NMC filed a Certificate of Non-Response; and the bankruptcy court entered judgment June 14, 2004.  The judgment awarded NMC money damages in the amount of $159,769.57 for "[Rosenberg's] unpaid loans, forged check, and the larceny, embezzlement and conversion of [NMC's] property and client files . . ." and interest.[1]  Ten days after judgment was entered, Rosenberg filed a document entitled "Objection to Entry of Judgment;" however, that document was never served on NMC, and the bankruptcy court has since stricken it from the record.

On June 6, 2006, more than two years after judgment was entered, Rosenberg served a subpoena on NMC's trial counsel, requesting certain NMC trial exhibits.  The bankruptcy court had returned all trial exhibits to the respective parties following trial, as courts, including this one, routinely do.  NMC's trial counsel filed objections to the subpoena and a motion to quash and for protective order; Rosenberg countered with a motion to compel.  The bankruptcy court heard oral argument August 11, 2006, and denied Rosenberg's motion to compel and granted NMC's motion to quash and for protective order.  It is that order from which Rosenberg appeals.

## STANDARD OF REVIEW

A district court reviews a bankruptcy court's legal conclusions *de novo*.  In re Batie, 995 F.2d 85, 88 (6th Cir. 1993).

---

[1] Rosenberg has since pleaded guilty on a money laundering charge and is awaiting sentencing. United States v. Rosenberg, Case No. 03-80619, (E.D. Mich.)

**LAW AND ANALYSIS**

Rosenberg claims that "like any other member of the public," he has a right to examine the transcripts of his trial and that because NMC's exhibits are not part of the trial transcript, the transcript is incomplete. Appellant br. at 7.

Rosenberg argues, "There is a body of law where courts have been required to intervene and order parties to provide to the public trial exhibits." Id. at 6 (citing Cooper v. Internal Revenue Serv., 450 F. Supp. 752 (D.C. Dist. 1977); In re Search Warrant for Four Parcels of Real Property in Milford, Michigan, 2006 WL 1779436 (E.D. Mich.); and United States v. Mitchell, 551 F.2d 1252 (D.C. Cir. 1977). In all of those cases, however, the party seeking trial exhibits was not a party to the litigation. In this case both Rosenberg himself and his trial counsel had ample opportunity to preserve all the exhibits admitted at trial and failed to do so.

Two years after judgment has been entered, discovery in this case is closed with the exception of discovery relative to collection of that judgment. Furthermore, because any information that could be gained from a review of the requested exhibits was available at the time of trial, it cannot assist Defendant if he is attempting to relitigate the merits of his case.

**ORDER**

It is hereby **ORDERED** that the August 11, 2006 order of the bankruptcy court is **AFFIRMED.**

     s/John Corbett O'Meara
     United States District Judge

Dated: March 2, 2007

3

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 2, 2007, by electronic or ordinary mail.

                                                           s/William Barkholz
                                                         Case Manager